I'll ask the clerk to call the case. All right, if you could both approach, give us your names for the record, and tell us who you represent. Good morning, your honors. Corey Meyer on behalf of the plaintiff appellant, Sergio Cinsneros. Good morning. Matthew Burke on behalf of the defendant appellee, Big Chicago, Inc. All right, we give 15 minutes per side. Save some time for rebuttal, appellant. And if we unnecessarily beleaguer you with questions, we won't get all that fussy about the time limit. The only other thing to remember is that the microphone is for recording, not for amplification, so keep your voices up when you argue. All right? Great. Thank you very much. Good afternoon, your honors. Actually, it's still morning, so I apologize for that. Good morning. This is a case where it was actually tried on two separate occasions in front of Judge James Varga, and the first trial ended up with the plaintiff's verdict on behalf of Mr. Cinsneros, which was $136,000 and some change. It was... Only on the dram shot. Correct. It went to the jury on both counts. Really, the main issue that we have with that verdict, because Judge Varga did hear post-trial motions from both sides on it, where we indicated that the special interrogatory, where it was asked whether or not the AIP, the intoxicated person, was the sole proximate cause of the incident which injured my client, we believe that that was erroneously given, number one, because that issue is not an issue in a dram shot setting. But number two, even if you accepted the jury marked yes to that, that doesn't contradict or call into question the jury verdict on the dram, which was in favor of the plaintiff, because of the five counts, the five things you have to prove in the issues instruction don't have anything to do with the proximate cause. The issues are, as Your Honors are well aware, whether the AIP was intoxicated, which he testified strongly that he was, that the defendant barred, gave him the liquor, which clearly was the case, he didn't drink anywhere else, that the liquor caused the intoxication, there was no evidence in anything else but that liquor caused his intoxication, and that the intoxication was at least one of the causes of the occurrence, and as a result of the occurrence, the plaintiff was injured, and the jury found under that count. So this special interrogatory, which clearly should have been directed toward the second count, the negligence count, still didn't contravene or was not inconsistent with what the jury found under the dram shot count. But then you filed a motion for a new trial attacking the amount of the jury's verdict because it didn't include damages for permanent disfigurement or loss of a normal life, and you said, I'm only making that argument on count two, but that doesn't make any sense. Right, but again, and the defendant, that was one of his main arguments as well in a post-trial motion. No, the defendant doesn't have standing to make that argument. I mean, that was most of their post-trial motion, which really didn't have anything to do, obviously, with his position, but I did not contest the fact that the finding, I was just asking for a new trial on damages only on the dram shot count. Well, now wait. Were you asking for a new trial on the dram shot count? No, just a new trial for damages only on that count. Okay. The transcript could have helped elucidate some of this. It could have. Yeah. Did we not have a court reporter or? I believe, you know, I didn't order one, but I believe the defendant did order one, and there was, but there were so many different little hearings we had in the post-trial motions that I don't believe that there was any transcript of any of those. No hearing is little. Well, that's short. No hearing is little. I agree with you, Judge, I should say short, but we were in there a number of times before we actually got a ruling on this thing, and it was piecemeal, I should say, Your Honor. So really that's the main issue that we see with that, that that verdict should have stood and we shouldn't have had to retry the dram shot case. And you weren't entitled, if the sole proximate cause interrogatory only related to the negligence count, you weren't entitled to a new trial on the negligence count, right? Well, that's true because. If the jury answered yes, the actions of the tortfeasor, the person who hit your client were the sole proximate cause of his injuries, then you don't get a new trial. Right, but I also advance the manifest weight argument on that. We can't do manifest weight without a transcript. No, I understand, but at the time of the post-trial, that was another one of my arguments that the evidence didn't support the verdict. But, Your Honor, I understand that scenario as well. But, I mean, the evidence, I have no clue why that verdict was overturned on the dram shot count. Judge Vargas seemed to say it was confusing, but it shouldn't have been given and it didn't contradict, it didn't really contradict anything about the elements that are needed for the dram shot. You objected to the special interrogatory, right? Correct. I actually objected to it in the second trial as well, and it was given again with the caveat that it only pertained to count two. Which was better, wasn't it? At least we knew what count it was. Correct, but, you know, as far as the evidence, it was all set up and the dram shot count was clearly sustained by the evidence. So, for those reasons, I believe that the jury's finding under count one in trial number one should be reinstated and Your Honor should grant the appeal as to that count. Okay. Thank you very much. Good morning. May it please the Court. For a number of reasons, the judgment for the defendant in the trial court's orders should be affirmed. I think the overarching issue in this case is probably twofold. One is the standard of review, and secondly, whether or not the court is entitled to deference on these motions for new trial. As Your Honors know, the court is entitled to substantial deference when considering motions for new trial. It seems as though the appellant has changed tact a little bit this morning. I think it's important to note that with respect to the 2011 first trial, it was both the plaintiff and defendant who moved following the verdict for a new trial. Let's parse out the arguments that you made. Sure. You said, first, sole proximate cause is inconsistent with the jury's verdict on the dram shop count. I did make that argument. Okay. What does sole proximate cause have to do with a dram shop claim? The plaintiff in a dram shop case is always injured by somebody who's intoxicated. I'd agree. And so you could say in every case the sole proximate cause of the injuries is the person who injured the plaintiff. I agree with the court's analysis, and I think it's important to note that Judge Verga didn't indulge that argument. If he felt that that argument that we made had substantial grounds, he wouldn't have granted a new trial. Rather, he would have overturned the verdict as being inconsistent based on the special interrogatory. Instead, what he did was he concluded that the confusion, and I think Justice Hyman touched on this with respect to the sole proximate cause, coupled with the fact that the jury, by agreement, ignored proven elements of damages, suggested in Judge Verga's eyes that the verdict was compromised and inconsistent. And that's why he granted both motions for a new trial. But to conclude that the jury ignored evidence of permanent injury and loss of a normal life, we'd have to have a transcript, wouldn't we? I agree, and that's why I mentioned at the outset that I think the landscape lies in the standard of review. The plaintiff in this case, the appellant in this case, under the applicable rules of supplying your honors with the transcripts. And so he hasn't done that. And I'd also mention that this Court's rulings in several cases also indicate that when there is a grant of a motion for a new trial rather than a denial of a motion for a new trial, that demands even greater deference. But we don't need to look at deference because isn't the issue whether there was an inconsistency between the special interrogatories and the jury verdict? And the dram shop count. How is it absolutely irreconcilable, which is the standard? Just so that was an argument I made following the first trial. The Court did not hold that was the case. But we don't know. How do you know? Well, we know that because if Judge Varga bought that argument that the special interrogatory controlled over the dram shop verdict, his remedy would have been judgment for the defendant because that's what the code of civil procedure calls for, not a new trial. What happened in this case was following the first trial, we asked for the verdict to be overturned based on the special interrogatory argument. That didn't happen. We asked for a new trial based on the fact that it was an inconsistent and compromised verdict, which is exactly what the plaintiff argued in his motion. But the plaintiff's motion was directed to the negligence count. The plaintiff's motion did not seek a new trial on count one. They argued that the jury ignored elements of damage, but they sought a new trial on the negligence count. Right. And the remedy that the plaintiff sought has never been seen in any holding this Court or the Supreme Court has had. That is to take part of a verdict on one count and keep it and play with house money and go to bat on a count that he believes has more value or et cetera. So Judge Varga confronted with an agreement by both parties that this was an inconsistent and compromised verdict had a choice, and that was grant a new trial on all issues or grant a new trial on damages only. The plaintiff sought kind of a hybrid, which, frankly, I've never seen any reported decision. Moreover, the fact that the record is exceedingly sparse, Judge Varga and counsel touched on this, there were a number of hearings. There was a lot of evidence that hasn't provided this Court with any record whatsoever that you could question Judge Varga, who had a front row seat to all of this. Is there anything in the sparse record that we have that supports your conclusion that the only issue Judge Varga granted a new trial on was the argument that the jury compromised the damage award? Well, I'm not advancing the argument that that's the only reason. Coupled with the confusion of the special interrogatory, and I'd point to the case that the plaintiff cites at Blakey where that issue alone, issuance of a confusing sole proximate cause jury instruction or special interrogatory was grounds alone for a new trial. But if the plaintiff says, I'll take the verdict on the DRAM shot count, and the confusion resulting from the sole proximate cause interrogatory was injected by Big Chicago, how do you get a new trial on the DRAM shot? Sure, because the Supreme Court in Snover v. McGraw says an inconsistent and compromised verdict, which the plaintiff agrees occurred, which the defendant argued agreed occurred, which Judge Varga held occurred, cannot stand. That's what the Supreme Court has said. And in this case, there's no issue that two elements of damages were wholly ignored. But then we'd need a transcript to conclude that. I'd agree. And so the fact that you don't have a record or transcript isn't something that penalizes an appellee. That's the burden on the plaintiff appellant in this case. And because he's fallen short, deference needs to be given to Judge Varga. If the Court doesn't have any more questions. Is there a case law that, what case would you rely on for that last statement? That deference would be given just without, because there's no transcript. Sure. I'd rely on three different cases. The Petrasky case, the Winters case, and the Snover case. But I think that the appellate case law again and again shows, coupled with the appellate court rules, that the burden is on the appellant in this situation. Okay, thank you. Thank you. Any rebuttal, Mr. Meyer? What would be your response to his last statement? I think I did give the appellate court, because the issue is a very narrow one here. We don't know what Judge Varga said or what was stated in all these short hearings. But I believe that if there's any way to uphold that verdict, it should be upheld. And there has been no showing. And I still to this day don't understand how he, if he did feel it was inconsistent, I don't see how the verdict was inconsistent. What Mr. Burke is saying is he couldn't have accepted the inconsistency argument because the result of that would have been a judgment for the defendant, not in the trial. But clearly that was one of the arguments in front of him. And if it wasn't that, then it was the damages issue, which plaintiffs did not ask for any type of new trial on the entire count one. And certainly one of his remedies, which has occurred in a number of cases I've tried before, would be to have a new trial on damages only. But the sole proximate cause knocks you out of the negligence claim. No, I understand. But just to allow the verdict on count one to stand and have a trial on damages if he thought the damage issue was the problem, we could just have a trial again on damages only, which is. What you're doing is we're debating what he thought. And there is, case law is very clear in the appellate courts. You have the burden to give us the transcripts to support this. We don't have them. So we are debating he must have thought this, he must have thought that. We don't know. And usually in that situation, it doesn't go very well for the appellate. Correct. But there were no transcripts to obtain from those hearings. So stand by. That might be called a personal problem. Correct. It is because, you know, I should have probably had them looking back on it now. But I thought, you know, under the case law and just seeing what was done there, there is no basis to reverse that, the Dram Shop verdict in favor of the plaintiff. Okay. Thank you for the briefs and argument. We will take the matter under consideration and issue a ruling directly. Thank you very much. We are adjourned.